UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JIACONG ZHANG,

                              Plaintiff,

URBAN BLUE CONSTRUCTION INC. and ZHANG SUN

                              Defendants.
-------------------------------------------------------------------X

Case No: 1:19-cv-5101

**Answer**

Defendant, URBAN BLUE CONSTRICTION INC., by and through its attorney, Hui Chen and Associates, PLLC, hereby as and for its answers and affirmative Defenses to the Complaint filed by JIACONG ZHANG in above-entitled action, state as follows on personal knowledge as to matters relating to it, and on information and belief as to all other manners.

ANSWERING TO THE PRELIMINARY ALLEGATIONS:

1. Answering paragraph 1 of Plaintiff's Complaint, admits that the action is brought by Plaintiff against Defendant, Urban Blue Construction Inc., but denies the remaining allegations contained therein.

2. Answering paragraph 2, 3, 4, 5, 6 and 7 of Plaintiff's Complaint, denies the same.

3. Answering paragraph 8, 9, and 10, Defendant lack sufficient information to form an opinion regarding the truth or falsity of the allegations contained therein and, on that basis, denies the same.

4. Answering paragraph 11 and 12 of Plaintiff's Complaint, Defendant lack sufficient information to form an opinion regarding the truth or falsity of the allegations contained therein and, on that basis, denies the same.

5. Answering paragraph 13 of Plaintiff's Complaint, denies the same.

6. Answering paragraph 14, 15, 16 and 17 of Plaintiff's Complaint, denies the same.

7. Answering paragraph 18, 19 and 20 of Plaintiff's Complaint, denies the same.

8. Answering paragraph 21, 22 and 23 of Plaintiff's Complaint, denies the same

9. Answering paragraph 24, 25, 26, 27, 28, 29, 30 and 31 of Plaintiff's Complaint, denies the same.

10. Answering paragraph 32, 33, 34, 35 and 36 of Plaintiff's Complaint, denies the same.

11. Answering paragraph 37, 38, 39 and 40 of Plaintiff's Complaint, denies the same.

12. Answering paragraph 41, 42, 43, 44, 45 and 46 of Plaintiff's Complaint, denies the same.

13. Answering paragraph 47, 48, 49 and 50 of Plaintiff's Complaint, denies the same.

14. Answering paragraph 51, 52, 53 and 54 of Plaintiff's Complaint, denies the same.

15. Answering paragraph 55, 56, 57 and 58 of Plaintiff's Complaint, denies the same.

16. Answering paragraph 59, 60 and 61 of Plaintiff's Complaint, denies the same.

17. Answering paragraph 62, 63, 64, 65 and 66 of Plaintiff's Complaint, denies the same.

18. Answering paragraph 67, 68, 69, 70 and 71 of Plaintiff's Complaint, denies the same.

19. Answering paragraph 72, 73, 74 and 75 of Plaintiff's Complaint, denies the same.

20. Answering paragraph 76, 77, 78, 79, 80 and 81 of Plaintiff's Complaint, denies the same.

21. Answering paragraph 82, 83 and 84 of Plaintiff's Complaint, denies the same.

22. Answering paragraph 85, 86 and 87 of Plaintiff's Complaint, denies the same.

23. Answering paragraph 88, 89, 90, 91 and 92 of Plaintiff's Complaint, denies the same.

24. Answering paragraph 93, 94, 95 and 96 of Plaintiff's Complaint, denies the same.

25. Answering paragraph 97, 98 and 99 of Plaintiff's Complaint, denies the same.

26. Answering paragraph 100, 101 and 102 of Plaintiff's Complaint, denies the same.

27. Answering paragraph 103, 104, 105, 106 and 107 of Plaintiff's Complaint, denies the same.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burdens of production or proof that, pursuant to law, belong to Plaintiff. Defendant Urban Blue Construction Inc. reserves the right to amend its answer and to assert any additional defenses as may become available or apparent during the course of this litigation.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant invokes the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA").

## THIRD AFFIRMATIVE DEFENSE

At all times, Defendant acted in good faith and had reasonable grounds for believing its actions were in compliance with the FLSA.

## FOURTH AFFIRMATIVE DEFENSE

Defendant did not know or show reckless disregard for whether its conduct was prohibited by the FLSA.

## FIFTH AFFIRMATIVE DEFENSE

This action is barred to the extent Plaintiff seeks recovery for time that is not compensable time, i.e. "hours worked" under the FLSA.

## SIXTH AFFIRMATIVE DEFENSE

In the alternative, Defendant is entitled to offset monies or other consideration paid or provided to Plaintiff by Defendant for periods in which Plaintiff was not engaged to work.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff may seek punitive damages, Plaintiff's recovery is limited by applicable provisions of the FLSA and the New York and/or United States Constitutions. Any award of punitive damages to Plaintiff in this case would be in violation of the FLSA and the constitutional safeguards provided to Defendant under the Constitution of the United States and/or the laws of the State of New York.

## EIGHT AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive/liquidated damages as Defendant did not act or fail to act in a manner sufficient to give rise to punitive/liquidated damages liability.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred because he seeks to recover for time that is de minimus work time and thus not compensable under the FLSA.

## TENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks damages not recoverable under the FLSA, Plaintiff is barred from such recovery.

## ELEVENTH AFFIRMATIVE DEFENSE

Without assuming the burden of proof, Plaintiff was compensated for all hours worked in excess of 40 hours in any particular workweek (as Plaintiff himself reported his time worked) at a rate not less than that set forth by the overtime provisions of the FLSA.

## TWELFTH AFFIRMATIVE DEFENSE

Without assuming the burden of proof, Defendant complied with all recordkeeping requirements of the FLSA.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The Plaintiff's claims are estopped by the submission of his own time records, for which Defendant compensated him for all overtime worked and claimed.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The alleged time for which Plaintiff seeks compensation is irregular as well as practically and administratively difficult to record.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Without assuming the burden of proof, Plaintiff and members of the purported class or collective action are not similarly situated. The potential claims of the purported class members reflect variability.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff have failed to mitigate his alleged damages.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred from recovering based on equitable doctrines, including, without limitation, laches, unclean hand, waiver, and/or estoppel.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims are barred by accord and satisfaction, settlement and/or payment and release.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to exhaust administrative remedies.

**TWENTIETH AFFIRMATIVE DEFENSE**

Defendant's actions were in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the Department of Labor.

## TWENTY FIRST AFFIRMATIVE DEFENSE

All actions taken by Defendant with respect to Plaintiff were supported by legitimate business reasons.

## TWENTY SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for compensatory damages.

## TWENTY THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to state any facts entitling them to any liquidated damages or statutory penalties.

## TWENTY FORTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant was not the employer of Plaintiff, was not the cause of Plaintiff's purported damages, and otherwise is not a proper party to this lawsuit or individually liable for the claims alleged by Plaintiffs.

## TWENTY FIFTH AFFIRMATIVE DEFENSE

Although Defendant denies that it owes any unpaid wages or other amounts to Plaintiffs, if it is determined that such monies are owed, then Defendant asserts that at all times relevant to this action a reasonable good faith dispute existed as to whether such wages or other amounts were owed.

## TWENTY SIXTH AFFIRMATIVE DEFENSE

Although Defendant denies that it owes any unpaid wages or other amounts to Plaintiffs, if it is determined that such monies are owed, Plaintiffs are not entitled to liquidated damages because Defendant's actions with respect to the method of paying Plaintiff was taken in good faith.

## TWENTY SEVENTH AFFIRMATIVE DEFENSE

The Court should not exercises subject matter jurisdiction, whether original, pendent or supplemental jurisdiction, over Plaintiff's nonfederal claim and, consequently, should dismiss Plaintiff's nonfederal claims for lack of subject matter jurisdiction.

## TWENTY EIGHTH AFFIRMATIVE DEFENSE

Defendant was not Plaintiff's joint employer, and as such, Plaintiffs lack standing to maintain this action against Defendant.

## TWENTY NINTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert further affirmative defenses as they become evident through discovery investigation.

## DEFENDANT'S RELIEF REQUESTED

**WHEREFORE**, Defendant denies that Plaintiff is entitled to any relief and request that:

A.  Plaintiff's Complaint be dismissed with prejudice in its entirety;

B.  Judgment be entered in Defendant's favor;

C.  Defendant be awarded its costs and attorneys' fees for being forced to defend itself against Plaintiffs' claims; and

D.  The Court should award Defendant such other relief as it deems just and equitable.

DATED:   December 18, 2019
           Flushing, New York

Hui Chen and Associates, P.L.L.C.

___/s/ Hui Chen_____
By:  Hui Chen, Esq.

*Attorneys for Defendant, Urban Blue Construction Inc.*
136-20 38th Ave., Suite 9E
Flushing, NY 11354
Tel: (718) 463-2666
Fax: (718) 463-2555
Email: hui.chen@alum.cardozo.yu.edu